# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LATOSHA YVONNE CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CV415-166 |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Latosha Crawford seeks judicial review of the denial of her Social Security Disability claim. Doc. 1. The government moves for summary judgment,[1] arguing that her claim is time barred. Doc. 9.

---

[1] The government moves to dismiss, or, in the alternative, for summary judgment. *See* doc. 9. Evaluating the merits of the motion requires resort to materials beyond Crawford's complaint, which mitigates in favor of summary judgment. *See* Fed. R. Civ. P. 12(d); *but see Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (courts may consider documents "attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed"). Given the disposition here, the distinction between those two motions is immaterial, since Crawford's complaint must be jettisoned under either.

Claimants must challenge disability benefits denials within 60 days of receiving notice of the Commissioner of Social Security's final decision. *See* 42 U.S.C. § 405(g).[2] "'Absent a reasonable showing to the contrary, the date of receipt of such notice is presumed to be five days after the date of such notice." *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 583 (11th Cir. 2012) (citing 20 C.F.R. § 422.210(c)).

The Appeals Council denied Crawford's request for review on March 19, 2015, *see* doc 9-1 at 3, 26, and given no contrary evidence in the record, the Court presumes she received notice five days later

---

[2] Compliance with the 60-day deadline is a critical pleading requirement:

> Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at * 3 (E.D. Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at * 2–3 (E.D. Cal. 2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *see also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012), quoted in *Hicks v. Astrue*, 2013 WL 309860 at * 1 (S.D. Ga. Jan. 25, 2013).

(Tuesday, March 24, 2015). *See* 20 C.F.R. § 422.210(c). That means she had to file suit no later than May 25, 2015.

Crawford didn't do so until June 9, 2015, fourteen days after the 60-day limitations period expired. *See* doc. 1 at 5. Because she offers no exceptional circumstances that would warrant equitable tolling, *see Christides*, 478 F. App'x at 584 (equitable tolling of § 405(g) "is reserved for extraordinary facts," which do not include pro se status, ignorance of the law, or dismissal without prejudice of timely filed first action), this case should be **DISMISSED**, *with* prejudice, as untimely.

**SO REPORTED AND RECOMMENDED**, this 2nd day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA